

# Supreme Court of Missouri
## en banc

IN RE:  THE HONORABLE          )        *Opinion issued January 3, 2017*
CHRISTINA KUNZA MENNEMEYER,  )
                                 )      No.  SC95938
      Respondent.             )

## ORIGINAL DISCIPLINARY PROCEEDING

**PER CURIAM**

The Commission on Retirement, Removal and Discipline seeks discipline against Respondent, the Honorable Christina Kunza Mennemeyer. *See* Mo. Const. art. V, sec. 24.3; Supreme Court Rule 12.07(c). After considering the findings of fact, conclusions of law, and recommendation of the Commission, and in accordance with this Court's independent review of the record, Respondent is suspended, without pay, for a period of six months beginning February 1, 2017. *See In re Hill*, 8 S.W.3d 578, 580 (Mo. banc 2000).

## I.

On November 6, 2014, the director of the Missouri State Public Defender System filed a detailed complaint against Respondent. The director alleged a "judicial practice of deliberately postponing the appointment of counsel to indigent defendants in probation

violation cases until after the time period for disqualification of the judge has passed, for the stated and overt reason of preventing the public defender from disqualifying her." The director further charged that Respondent "threatened to bring bar complaints against any public defender who entered an appearance in advance of her appointment date."

The dispute began in 2013 concerning the interpretation of section 600.042, RSMo Supp. 2013. The public defender's office believed that it had discretionary authority to provide legal services to eligible persons when appropriate. Respondent, however, disagreed, believing a court order was required before such services could be provided.

In an e-mail to the public defender's office, Respondent stated:

> Effective immediately, I will be filing bar complaints on any attorney who purports to represent a client without proper authority. This means when they file an entry in a case they have no authority to enter on, I believe they are in violation of the rules of ethics. The ethics commission can then sort it out. The solution is simple. Don't enter or purport to represent a client on a case you have not been ordered into by a Judge if it is a probation case. Follow the procedure and wait to be appointed.

Attempting to resolve the dispute, the director requested an opportunity to meet and "come up with a resolution that will meet your concerns and mine." Respondent would not, stating that the suggestion for a meeting was "presumptuous" and "a joke."

The director then learned that Respondent was going to continue probation revocation cases at least 60 days because she was tired of the public defender's office disqualifying her. The court clerk testified that when she submitted the form to Respondent for an indigent defendant to be represented by the public defender's office, Respondent

2

gave it back to her, stating: "I'm not appointing them right now, I'm waiting 60 days to – so the public defender cannot disqualify me."

The record shows that the time lapse from the service of process to the appointment of counsel was 60 days or longer in a number of cases. In each delayed appointment, the defendant filed an application that showed no significant income or assets. And in each case, the defendant was confined on the date of the first appearance. During the same time period a number of cases came before Respondent for appointment of counsel, but the defendants had no right to request a change of judge due to Respondent having previously been assigned to the case. In those cases, Respondent made the appointment of counsel well before 60 days.

On December 4, 2015, the Commission issued a notice to Respondent to appear and answer the charge of engaging in "a practice of postponing the appointment of counsel to indigent defendants in probation revocation cases until after the time period for obtaining change of judge had passed thereby subverting the defendants' right to a change of judge." The charge was subsequently amended to include four counts alleging violations of the Code of Judicial Conduct and misconduct under the Missouri Constitution.

Within weeks of receiving notice of the judicial complaint, on December 29, 2015, Respondent filed a complaint with the office of chief disciplinary counsel stating that although a public defender was legally allowed to enter his appearance in a habeas corpus proceeding, the Respondent nevertheless felt obligated to file the complaint because of her disagreement with the public defender's office concerning representation of indigent defendants in probation revocation cases. Respondent ultimately conceded before the

3

Commission that the actions of the public defender in the habeas corpus proceeding were legal and that it would be appropriate for her to withdraw her complaint.

At the hearing on the complaint against Respondent, the Commission received exhibits and testimony, including Respondent's testimony. *See In re Elliston*, 789 S.W.2d 469, 472 (Mo. banc 1990). Following the hearing, the Commission found as follows:

> The Commission finds that there was no reason to not appoint the Public Defender on the first court appearance in [cases where it was delayed beyond 60 days].
>
> The Commission finds that Respondent postponed the appointment of counsel . . . and thereby the defendants' rights to a change of judge and the rights to access to counsel were subverted.
>
> The Commission further finds that Respondent's conduct was intentional for the purpose of avoiding the Public Defender's opportunity to obtain a change of judge.
>
> The Commission also finds . . . that the conduct . . . was a practice or pattern of conduct.
>
> The Commission finds Respondent's actions of threatening and then in filing an ethics complaint against [a public defender] . . . to be coercive, operating to restrict the ability of the Public Defender Office to represent their clients, and appeared to be and was filed in retaliation for a complaint filed by the Director of the Public Defender Office against Respondent.

In accordance with these findings of fact, the Commission "found serious violations of the Code of Judicial Conduct," including Rules 2-1.1, 2-1.2, 2-2.2(A)-(B), 2-2.3(A), 2-2.5(A), 2-2.6(A), 2-2.16, as well as misconduct under article V, section 24, of the Missouri Constitution. The Commission then submitted to this Court a transcript of the record of all evidence and of all proceedings before it, along with its findings of fact,

4

conclusions of law, and recommendation that Respondent be suspended from office without pay for a period of six months. Respondent did not file a brief in this Court with any objections to the Commission's findings, conclusions, or recommendation and did not request oral argument. *See* Rule 12.08.

## II.

"This Court has the ultimate responsibility to 'remove, suspend, discipline or reprimand any judge of any court.'" *In re Hill*, 8 S.W.3d at 581 (quoting Mo. Const. art. V, sec. 24). This Court "independently reviews the evidence and the Commission's fact findings." *Id.* (citing *In re Buford*, 577 S.W.2d 809 (Mo. banc 1979)). "Where credibility is at issue, this Court gives substantial consideration and due deference to the Commission's ability to judge the credibility of witnesses appearing before it." *Id.* (citing *In re Briggs*, 595 S.W.2d 270 (Mo. banc 1980)). Disciplinary charges must be proved by a preponderance of the evidence. *In re Baber*, 847 S.W.2d 800, 802 (Mo. banc 1993).

Regardless of the correct interpretation of any law – section 600.042 in this case – it is a violation of the Code of Judicial Conduct, and misconduct under the constitutional standard, for a judge to intentionally subvert the rights of litigants. *See In re Hill*, 8 S.W.3d at 583 (noting this Court must find the judge violated a constitutional standard such as misconduct); Mo. Const. art. V, sec. 24.3 (Disciplinary action against a judge is authorized "for the commission of a crime, or for misconduct . . . or oppression in office."); *see also In re Elliston*, 789 S.W.2d at 477 (noting that a threat to continue an action following disqualification was subject to discipline because the manner in which the judge informed counsel was "discourteous, abrasive and misconduct in office").

5

The Code of Judicial Conduct for Missouri judges provides, in pertinent part, as follows:

> A judge shall comply with the law, including the Code of Judicial Conduct.

Rule 2-1.1.

> A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

Rule 2-1.2.

> (A) A judge shall uphold and apply the law, and shall perform all duties of judicial office promptly, efficiently, fairly and impartially.
>
> (B) A judge may make reasonable efforts, consistent with the law and court rules, to facilitate all litigants, including self-represented litigants, being fairly heard.

Rule 2-2.2(A)-(B).

> A judge shall perform the duties of judicial office without bias or prejudice.

Rule 2-2.3(A).

> A judge shall perform judicial and administrative duties competently and diligently.

Rule 2-2.5(A).

> A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.

Rule 2-2.6(A).

> (A) A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies.

(B) A judge shall not retaliate, directly or indirectly, against a person known or suspected to have assisted or cooperated with an investigation of a judge or a lawyer.

Rule 2-2.16(A)-(B).

Having reviewed the evidence before the Commission, it is clear that Respondent intentionally delayed the appointment of public defenders to subvert the rights of indigent defendants. She did this, ostensibly, because of a disagreement over whether the public defender's office could enter an appearance for an indigent defendant in probation violation cases.

Interfering with the administration of justice, as in this case, undermines the "public confidence in the independence, integrity, and impartiality of the judiciary," to say nothing of the lack of promptness, efficiency or fairness to a defendant's right to be heard. What is more, the impact of Respondent's misconduct operated to prejudice indigent defendants who were confined and awaiting appointment of counsel. Their right to be heard according to law was delayed. Finally, Respondent's threats of filing disciplinary complaints against counsel, and ultimately filing a disciplinary complaint in retaliation for a judicial complaint filed by the director of the public defender's office, violates the Code of Judicial Conduct and constitutes misconduct. Even if it was not in retaliation, as Respondent claimed, it was inconsistent with the propriety with which a judge should act.

### III.

The evidence supports each of the charges brought against Respondent and constitutes violations of Rules 2-1.1, 2-1.2, 2-2.2(A)-(B), 2-2.3(A), 2-2.5(A), 2-2.6(A),

7

2-2.16, as well as misconduct under article V, section 24, of the Missouri Constitution. The Court, therefore, accepts the recommendation of the Commission and suspends the Honorable Christina Kunza Mennemeyer, without pay, for a period of six months beginning February 1, 2017.

Breckenridge, C.J., Stith, Draper, and Russell, JJ., concur; Wilson, J., concurs in separate opinion filed; Fischer, J., concurs in opinion of Wilson, J.



# SUPREME COURT OF MISSOURI
## en banc

IN RE:  THE HONORABLE           )
CHRISTINA KUNZA MENNEMEYER,   )
                                  )  No.  SC95938
                    Respondent.    )

## CONCURRING OPINION

The Commission on Retirement, Removal and Discipline (the "Commission") determined that Respondent committed multiple acts of "misconduct" as that term is used in article V, section 24, of the Missouri Constitution and recommends to this Court that Respondent be suspended from office without pay for a period of six months.  The Court accepts this recommendation, and I concur.

I write separately to address the erroneous interpretation of section 600.042.3 and .4, RSMo Supp. 2013,[1] included in the Commission's recommendation, and to emphasize that – even though Respondent was (at least in part) correct in her reading of that statute – this in no way excuses or mitigates the seriousness of her misconduct.

---

[1]  Section 600.042.5 was amended in 2016.  *See* Senate Bill 735 (2016).  This amendment does not affect the meaning of subsections .3 and .4 at issue here.  Unless otherwise stated, all statutory references are to RSMo Supp. 2013.

As described more fully in the Court's opinion, much of Respondent's misconduct occurred in the course of a dispute between Respondent and various representatives of the Missouri State Public Defender's office. This dispute concerned the prerequisites that must be met before a public defender may enter an appearance on behalf of an indigent defendant charged with a probation violation. Respondent contended that no public defender could enter such an appearance unless and until appointed by the court. In finding Respondent guilty of the charged misconduct and recommending that she be suspended from office, the Commission states:

> The commission finds that Respondent's interpretation of Chapter 600 was erroneous. While 600.042.4(3) requires a public defender to represent a person charged with a probation violation after court order, that statute does not prohibit the public defender from entering in probation violation cases at its own discretion. That Public Defender is given the discretion to represent eligible persons is made clear by Section 600.042.3, RSMo which explicitly grants the Public Defender the discretion to represent any eligible person.

Commission Recommendation, at p.9.

This conclusion contradicts the plain language of the statute. Section 600.042 provides, in relevant part:

> 3. The director and defenders shall, within guidelines as established by the commission and as set forth in subsection 4 of this section, accept requests for legal services from eligible persons entitled to counsel under this chapter or otherwise so entitled under the constitution or laws of the United States or of the state of Missouri and provide such persons with legal services when, in the discretion of the director or the defenders, such provision of legal services is appropriate.

> 4. The director and defenders shall provide legal services to an eligible person:

2

(1) Who is detained or charged with a felony, including appeals from a conviction in such a case;

(2) Who is detained or charged with a misdemeanor which will probably result in confinement in the county jail upon conviction, including appeals from a conviction in such a case, unless the prosecuting or circuit attorney has waived a jail sentence;

(3) Who is charged with a violation of probation when it has been determined by a judge that the appointment of counsel is necessary to protect the person's due process rights under section 559.036;

(4) Who has been taken into custody pursuant to section 632.489, including appeals from a determination that the person is a sexually violent predator and petitions for release, notwithstanding any provisions of law to the contrary;

(5) For whom the federal constitution or the state constitution requires the appointment of counsel; and

(6) Who is charged in a case in which he or she faces a loss or deprivation of liberty, and in which the federal or the state constitution or any law of this state requires the appointment of counsel; however, the director and the defenders shall not be required to provide legal services to persons charged with violations of county or municipal ordinances, or misdemeanor offenses except as provided in this section.

§ 600.042.3 and .4.

Section 600.042.4 provides that the Public Defender[2] "shall provide" representation to an "eligible person"[3] in certain specified circumstances. Nothing in this statute, or elsewhere in chapter 600, suggests that a court-ordered "appointment" is

---

[2]  For purposes of this opinion, the director and all others providing legal services under the director's authority or direction are referred to as "the Public Defender."

[3]  An "eligible person" is one "who falls within the financial rules for legal representation at public expense prescribed by section 600.086."  § 600.011(10).

needed to trigger this obligation.  Nor do any of this Court's rules create such a

prerequisite to the Public Defender entering an appearance and providing the services

mandated by section 600.042.4.[4]

In five of the six categories of defendants described in section 600.042.4, the only

prerequisite to the Public Defender's statutory obligation to provide representation is that

the Public Defender be satisfied: (a) that the defendant is an "eligible person" and (b) that

the defendant is in one of the six circumstances described in section 600.042.4.  Court

action is a prerequisite for the Public Defender's duty to provide representation ***only*** for

the third category of defendants.

For defendants in circumstances described in section 600.042.4(3), i.e., those

"charged with a violation of probation," the Public Defender has no obligation to provide

representation under section 600.042.4 unless and until "it has been determined by a

judge that the appointment of counsel is necessary to protect the person's due process

rights under section 559.036[,]" which provides:

> Probation shall not be revoked without giving the probationer notice and an
> opportunity to be heard on the issues of whether such probationer violated a
> condition of probation and, if a condition was violated, whether revocation
> is warranted under all the circumstances.  Not less than five business days

---

[4]   To be sure, there are many rules that require a trial court "to appoint" (or state that it "shall appoint") counsel under various circumstances.  *See, e.g.*, Rule 31.02(a) (for defendants in all felony or misdemeanor prosecutions in which "conviction would probably result in confinement"); Rule 31.02(c) (for defendants on appeal where convicted and sentenced to confinement); Rule 37.50 (for defendants in all ordinance violations where "conviction would probably result in confinement"); Rule 115.02 (for juveniles in certain juvenile division proceedings); Rule 115.03 (for parents or guardians in certain juvenile division proceedings).  These rules, however, concern an individual's rights (usually based in the state or federal constitution) and the trial courts' responsibility to protect those rights.  They do not purport to enlarge or restrict the Public Defender's statutory obligations under section 600.042.4.

4

prior to the date set for a hearing on the violation, except for a good cause shown, the judge shall inform the probationer that he or she may have the right to request the appointment of counsel if the probationer is unable to retain counsel. ***If the probationer requests counsel, the judge shall determine whether counsel is necessary to protect the probationer's due process rights. If the judge determines that counsel is not necessary, the judge shall state the grounds for the decision in the record.***

§ 559.036.6 (emphasis added).

Under sections 600.042.4(3) and 559.036.6, therefore, the Public Defender is obligated to provide representation to an indigent defendant charged with a probation violation[5] *only* if: (a) the defendant requests counsel; (b) the defendant is "eligible;" and (c) the court determines that counsel is necessary to protect the defendant's due process rights. Again, when these three prerequisites are met, a court-ordered "appointment" is not required before the Public Defender can (indeed, must) fulfill this statutory mandate.[6]

---

[5]  It appears that sections 600.042.4(3) and 559.036.6 pertain to defendants facing charges of probation violations where their Sixth Amendment right to counsel in the underlying criminal prosecution is exhausted, i.e., where imposition of sentence was ***not*** previously suspended. A defendant placed on probation after imposition of sentence was suspended has not been convicted and the underlying criminal prosecution may resume. In such cases, a probation violation hearing that could result in the revocation of probation and imposition of sentence is a "critical phase" of the underlying criminal prosecution and, therefore, the defendant's Sixth Amendment right to counsel applies. *See Mempa v. Rhay,* 389 U.S. 128, 130 (1967) (concluding defendant had a right to counsel at probation revocation hearing and, in the event probation is revoked, at sentencing where imposition of sentencing originally was suspended subject to probation); *see also State ex rel. Mo. Public Defender Comm'n v. Pratte*, 298 S.W.3d 870, 884-85 (Mo. banc 2009) (holding that public defender may not elect not to represent otherwise eligible defendants in "new probation revocation cases in which a suspended execution of sentence previously had been imposed"). Accordingly, such cases properly fall within other categories described in section 600.042.4, not section 600.042.4(3) and its unique prerequisite of court action before the Public Defender's statutory obligation to provide representation is triggered.

[6]  To be clear, there is nothing wrong with the common (though far-from-uniform) practice of having the trial court enter an order "appointing" the Public Defender in any circumstance described in section 600.042.4. Such orders can facilitate communication and cooperation between the state, the Public Defender, and the courts and help ensure effective representation of

5

The Commission's reading of section 600.042.4(3) acknowledges that a trial court's due process determination is a prerequisite to the Public Defender representing a defendant charged with a probation violation. But the Commission further opines that section 600.042.3 provides the Public Defender with discretionary authority to represent an "eligible" defendant in such circumstance even it the court has not made a finding that such representation is required to protect the defendant's due process rights. This is incorrect.

Section 600.042.3 provides that the Public Defender "shall" accept requests for legal services from "eligible" persons and "provide such persons with legal services when, in the discretion of the director or the defenders, such provision of legal services is appropriate." But the Public Defender's discretionary authority under section 600.042.3 does not extend to all "eligible" persons, as the Commission suggests. Instead, it extends only to "eligible" persons who are "entitled to counsel under this chapter or otherwise so entitled under the constitution or laws of the United States or of the state of Missouri." If a defendant's sentence has been imposed but its execution stayed pending a term of probation, the defendant's statutory right to counsel under section 600.042.4(3) and 556.036.6 when charged with a probation violation (and any state or federal

_____

indigent defendants. *See Pratte*, 298 S.W.3d at 887-88 ("[T]he Court expects that presiding judges, prosecutors and the public defender will work together cooperatively" when the public defender faces excessive caseloads and "find a way to assure that all defendants who are represented by the public defender's office will be ensured effective representation and that other indigent defendants will be represented effectively as well."). However, such orders cannot and do not enlarge the Public Defender's statutory obligation to provide representation beyond the circumstances set forth in section 600.042.4, or make mandatory the Public Defender's discretionary authority to provide representation in the circumstances set forth in section 600.042.3.

constitutional right to counsel under those circumstances) is triggered only when the court makes a finding that – under the defendant's particular circumstances – counsel is necessary to protect the defendant's due process rights. Accordingly, at least insofar as such defendants are concerned, the Public Defender's discretionary authority to provide representation under section 600.042.3 extends no further than the Public Defender's mandatory duty to do so under section 600.042.4(3).

As the foregoing plain reading of section 600.042.3 and .4 demonstrates, Respondent was *incorrect* in her position that the Public Defender had no authority to appear for certain defendants facing probation violation charges without being appointed by the court to do so, but was *correct* in her position that the Public Defender had no authority to appear for such defendants unless and until the court makes a finding that counsel was necessary under the circumstances to protect an individual defendant's due process rights. I write separately to ensure that, in failing to address the misreading of section 600.042 in the Commission's recommendation, the Court is not mistaken as having ratified it.

More importantly, I write to emphasize the fact that Respondent was correct (in part) in her reading of this statute does nothing to excuse or mitigate the seriousness of her misconduct. Judges are neutral arbiters of the disputes that come before them. Here, time after time, Respondent let her view of the Public Defender's authority – which authority was invoked by the defendant and never questioned by the state – outweigh her judicial obligation to maintain both the fact and the appearance of objectivity and

impartiality in adjudicating the cases before her. And Respondent's misconduct did not stop there.

In the course of her dispute with the Public Defender, Respondent purposely and repeatedly sacrificed the rights of some defendants in probation violation cases to the statutory interpretation point she felt compelled to make to the Public Defender generally. Time and again, defendants who would have been entitled to representation by the Public Defender were denied that representation for some period because Respondent refused to make a timely determination of whether, under the circumstances, counsel was necessary to protect each defendant's due process rights.

It is difficult to imagine a reasonable justification for not taking up and deciding this question during a defendant's first appearance before the court, particularly if the defendant is incarcerated. Of course, an isolated failure to do so would not raise a question of judicial misconduct for the Commission and this Court, but would simply be a matter for ordinary review – and, if error, correction – by a higher court. Respondent's conduct, however, was no isolated incident. Instead, Respondent repeatedly refused to make findings as to defendants' due process rights expressly for the purpose of depriving those defendants ***both*** of the timely representation to which they otherwise would have been entitled ***and*** the right to a change of judge under Rule 51.05 that she believed such counsel might properly assert on their behalf. This constitutes a serious pattern of misconduct under article V, section 24, and fully merits the suspension recommended by the Commission.

Accordingly, I concur in the Court's decision to accept the Commission's recommendation because Respondent purposely subverted the rights of certain defendants to her feud with the Public Defender, a battle that was not hers to fight and that readily was susceptible to a more constructive and less harmful resolution. The fact that Respondent had the better of the statutory construction issue underlying that feud does not excuse Respondent's misconduct or serve to mitigate the discipline that misconduct merits.

_____
Paul C. Wilson, Judge